Today's cases will be called as previously announced. The times will be as allotted to counsel. The first case today is number 22-1190 United States v. Jordan Winczuk. At this time would counsel for the appellant introduce herself on the record to begin. Good morning and may it please the court. I'm Chrissy DeMasso and I represent Jordan Winczuk. I would like to reserve three minutes for rebuttal. Okay, you may. Thank you. Okay, let me just make sure, Judge Lynch, can you hear us? Yes, everything's fine. Okay, so please start. The question here is which of two lengthy mandatory minimums applies. The district court concluded that Mr. Winczuk's statutory sentencing range was 35 years to life. This was incorrect. It should have been 25 years to 50 years. The question involves statutory interpretation. Statutory interpretation can be thought of like concentric circles and at the center of this we have the text. Analyzing the text of the statute means analyzing the meaning of the words in their context. It means giving each word meaning. This court has clearly set out these principles in cases like Silva and de la Cruz. Here there are two important things about the core text. First, the 25-year and 35-year mandatory minimums are different. In 2006, Congress amended one and not the other. The definitions of what counts as a state predicate for these minimums is different. If you look at cases like Bittner, de la Cruz, and Baker, this court and the Supreme Court as well have said that Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another. The second important piece of the core text here is the title of 2251. The title is sexual exploitation of children which is the very language that this court needs to interpret to determine the reach of the 35-year minimum. Cases like Esquivel-Quintana, Jane Doe v. Backpage, and Chapman have all held that considering the title is an appropriate consideration that they are a tool and can be used to interpret the text of a statute. These two factors together indicate that sexual exploitation of children means the offenses listed in 2251 or for shorthand means the production of child pornography. This court does not need to go beyond the core text of the statute. However, moving beyond it only reinforces this conclusion. Looking again at the text, dictionary definitions align with this conclusion. Are you saying that the title is part of the core text? Is that part of this argument that you're making right now? The title is part of the context. But not the core text, not the text. I'm just trying to understand what your position is. I suppose the word core makes it a little bit difficult. When we're looking at the text, we always have to look at the context. I agree that the title, if you're doing a concentric circle model, is further out than just the word itself, if that's fair. Let me follow up on that. You're saying more than title is part of context. You're actually saying the title is a definitional term. In fact, there are definitional terms in the statute. So that would be an unusual reading of the title here. So what is the basis where there is a definitional term within the statute for looking to the title to provide a definition, or if you would have a limit on the definition? Are there any cases that say that? There are certainly cases that have used titles to explain. I know you are evading my question. I think here where the title is identical to the word that's later used in the statute, and where the title, we cannot avoid the title. The government's argument does not explain what we do with the title at all. The title here is... It also looks to the legislative history, the Adam Walsh Act and the further acts which expanded the definition of sexual exploitation to what was much more a dictionary meaning of the term. So how can the title be thought to be consistent with congressional intent, given the history of the evolution of this statute over the years? I would argue that initially that legislative history is further out in the concentric circle model, is further out than the title, because the title is an integral part of the context. I think you are wrong to use a concentric circle model. There are rules of hierarchy in examining the meaning of a text. So we start with the plain language. Would you like to explain to me how sexual exploitation of children is limited to pornography, production of child pornography? You've asked a number of questions, and I would like to say to your previous question that I do think that legislative history actually supports the reading that I'm advancing as well. I do have an argument about that, but let me go first to the piece about the plain text here. I think here, and you see this in the context broadly. You see this in other statutes. You see this in concepts. Then when you compare the 35-year and the 25-year provisions, if the 35-year provision is read as broadly as the government suggests, the language, sexual exploitation of children, then carries the same meaning as the very long list of state predicates that Congress specifically included in the 25-year minimum, but not the 35-year minimum. It's the contrast also. That is a really important piece of the text itself, that those things have to have different meanings. Given that the meanings must be different, and the language in the 25-year minimum is so broad, it does stand to reason that the 35-year minimum is defined by the title and is a normality. I think you have two different arguments. One is based on the text, so let's just take the text, and you say the 25-year minimum makes it clear that child sexual abuse is within the term exploitation, but you say for the 35-year minimum, the Congress did not use the expansive definition in the 25-year. Are we agreed on this so far? Yes, Congress only amended the 25-year minimum, and when it did so, it replaced sexual exploitation of children with a long list, including sexual abuse conduct by someone who's a ward or a minor. It included a much broader list. Okay, and I take it the argument goes that because Congress did not repeat the same language in the 35-year minimum as the 25-year minimum, the phrase cannot be understood as a reference back to the broader definition in the 25-year. I don't think it's correct to think of the 25-year as a definition. It's a list of what predicates trigger that particular mandatory minimum, and there is no reason to see it as a reference back. It does not reference back. It does not, for example, say the 25-year minimum includes these things, but if the defendant has two such convictions, we move to the 35-year. Instead, it uses different language, and in 2006, Congress not only changed the definition of the state crimes, it also inserted into the federal list a new federal predicate that would count. It inserted it into the 25-year and not the 35-year, further reinforcing the conclusion that it increased the predicates. It expanded the predicates that would qualify for the 25-year mandatory minimum and not the 35-year minimum, and I do think that this is actually, if you look at the statutory history, the legislative history over the years, is consistent. What you see over the years is an adding. You do. You see an adding of offenses, and in 2006... Yes, but correct me if I'm wrong. In the earlier iterations of the statute, what triggered the 35-years was the commission of a second offense, and now you're saying Congress radically altered that in 2006, so that the fact that it was a second offense was not what triggered the 35-year mandatory minimum, but to the contrary, Congress chose to limit the definition of second offenses. Why does that make sense? I don't think that it's a radical alteration, and I don't think that it should be read as... Most federal sentencing, when it looks at prior history and prior state court convictions, looks to the number of those convictions. Why would Congress choose a radically different model here? So it does, I mean, it does still look to the number. There is still the 25 minimum still. There's one prior, and there's certain priors, and you see over the years, you see Congress, this is before 2006 even, you see Congress adding. You see it starts out that first you get an enhanced penalty just if you had another prior under the same section. Then they add, they start to add chapters. Then they add state laws, and I think it makes the most sense to view what happened in 2006 is not some sort of implicit limiting of the 35-year, but of an increase of the 25-year, of Congress saying there are more state laws out there that we want to single predicate enhancement and only under the single predicate. And it's clear that they did that, and the language is there. They simply did not say if you have one offense of a certain sort, 25, and if you have two of the same sort, 35. They specifically put two different types of qualifying predicates, and that language is there. And when you combine that language with the title and you, giving those two provisions, giving the 35-year and the 25-year state predicate list the same meaning. Okay, let me ask. I tried to separate out the two arguments, but you keep saying you have to refer back to the title to give content to the meaning of sexual exploitation. Are you saying your argument depends upon the title? I think there are lots of other indications of the meaning of sexual exploitation of children, and that it is... Answer my question, yes or no. I don't think that the title is the only indication. No, no, no, no. That wasn't my question. I didn't ask whether it was the only. I said, does your argument depend on the title? I don't think it does because there are other indications that child... Let me ask you about regarding the title. Is it your position that when Congress amends a statute, it should also amend the title? Or if it just leaves it the way it is, it's an indication. It didn't mean to change the statute as... I mean, I don't think it's true that every single statute works the way this statute works, where you have a term that is the exact term that's used in the title, and then where the statute sets out the parameters of what that offense would be. For example, if somebody said, what's wire fraud? We're all going to go to the wire fraud statute and read what's wire fraud. This particular statute, I do think if Congress were... They have it before them. They have the entire thing. They have what the title is. It's all written there. I do think that where this is the sexual exploitation of children statute, it's reasonable to believe that when they're including that language in the very, very same statute, that they did intend to pull the meaning from the title and then the rest of the offenses listed in the statute. But I believe, as you said, there are many other federal statutes that over the years get amended to include new criminal conduct or enhancements, and the title's not changed. And when you look at the conduct, it's... I can give you an example. There's no such thing, no title of a carjacking statute, but it's under robbery, and it's been amended over the years. So the fact that it includes carjacking, but the title doesn't have it, doesn't mean you cannot be penalized for that. And I don't think that they... I think that we have to look at the statute that we have here. And in this particular statute, the conduct that is sexual exploitation of children is what is listed. And then that language is just used so clearly in that predicate. Okay. Let me ask you a final question, then you're going to have rebuttal. If we interpret the statute as the government posits, your client's conduct would fall under the 35-year minimum, correct? Yes. I mean, that argument was not made, that his conduct doesn't fall under that. Okay. Well, thank you. Thank you. Let's hear from the government then. Your Honors, may I please support Randall Crum on behalf of the government? I think the two points that have been made, and Judge Lynch made them, is there's sort of two issues where the argument being made by defense counsel falls short. And the first is that there is a hierarchy in which the courts attack the interpretation of an undefined term, starting with the plain text, the immediate context, including phrases of other terms that are part of the same phrase, especially when it appears in a list, which is the case here, and then moving on to the broader statutory context and legislative history. That's one point. And the second is that in this term, sexual exploitation of children and offenses relating to it has existed since 1996. There was a change in another provision of the statute in 2006, but the term of concern here is, has an earlier vintage, and what the defense counsel's argument totally fails to grapple with is the findings and history and, you know, sequence of elements statute at the time that Congress enacted this provision, which remained unchanged. So the question isn't necessarily what did Congress mean in changing a different part of the statute, but what did it mean by this part of the statute, which remained unchanged. As we go into the first point of hierarchy, as we point out that the Black's law definition of sexual exploitation is broad. The ordinary interpretation includes not just pornography, but prostitution and any sexually manipulative activity. And it's well established in precedent that sexual activity involving a minor by a person who's older is inherently manipulative. So that falls within the plain meaning of sexual exploitation. And I think the distribution of child pornography, while not the same as the production, is certainly a crime relating to, if it does not fall directly within sexual exploitation, as made clear by the findings of the 1996 Congress, which made, placed great weight in the fact that the distribution of child pornography is further victimization and contributes to further child abuse, that these are sort of interactive and interrelated concepts. So that in our view, it falls within the plain meaning. And in some sense, that disposes the question. The question of then how the subsequent progress of the statute simply underscores that understanding from the meaning that you can ascribe to the statute as it existed in 1996. I would also add that in 1994, they'd already added as federal predicates both abuse offenses and pornography distribution offenses. So they'd already recognized that an enhanced sentence for a federal prior offender would include both types before they added the state type of offense. And the findings suggest that the state offense category was meant to be as broad. But what happens since has only amplified that view. As we point out in 2003, in expressed findings, they stated that those who exploit children include both child molesters and child pornographers. In 2006, while introducing this anomaly or discrepancy in the statute, in another part of the same statute, they said that offenses relating to child exploitation for purposes of appropriation include a range of abuse and pornography-related offenses. And then most recently, in 2008, underscored that again by imposing a definition for a commission to study the issue that said that any criminal sexual activity involving a child constitutes child sexual exploitation. So in the government's view, there's been a consistent thread prior to 1996 when this provision was added and consistent through every step of its development that said that exploitation of children includes abuse and includes distribution of child pornography. That was true in 1996 and just continually reaffirmed in every way since. And the mere fact that in 2006 they introduced differing language does not change that meaning of what the preexisting understanding and subsequently reaffirmed meaning of child sexual exploitation. So the Ninth Circuit, of course, disagrees with the government's view and has created a circuit split. This is an initial question for us. But the Ninth Circuit opinion, and you've given plenty of reason to disagree with it, but it is a question for us. This is Scrivner's error on the part of Congress. It isn't up to the courts to do Congress's job for it. We can reach the holding we do and leave it up to Congress to the hierarchy of statutory interpretation that says, well, when Congress expands a statute, it must also expand the original title of the statute. What is the case law on that? Well, I think the case law is that whether this is a Scrivner's error or not is not clear from the legislative history. There's no indication that Congress was aware it was created. I mean, certainly did say strike and replace in the first time listed which created the anomaly, but there was no indication it was aware of it. But there's no requirement here that this court be concerned with the implication of that error because, as we point out, this was preexisting language. This court can decide this without respect to the change because the change did not alter this. And the suggestion that it sort of retroactively narrowed it is clearly contrary to precedent. First, Congress was presumed to be aware of the uniform decisions of three courts of appeals that it adopted a broad meaning, and it didn't choose to specifically or expressly narrow the definition. And there's certainly no other indication to suggest that there was any attempt to do so. So, in a sense, we're left in a situation where a change was made to a different part of the statute. We're not going to retroactively treat it as revising or amending, which is disfavored, and we're going to instead interpret the term in front of us, which has existed since 1996 and has had, in the government's view, a consistent definition that embraces the two predicates here. Okay, so you say, if in any sense the title should have been changed, that goes back to much earlier, 1996, and it was not changed then, and there was consistent case law and textual support that expanded the reach beyond child pornography, and we simply can't ignore that fact. Yes, Your Honor, that's true. And I realize I didn't answer a part of your question, which is, I think that the reason why the question of whether the title should be amended is particularly not applicable here is that the question here is not the offense of conviction, but the predicates. This provision here, you would expect a title to describe, you know, the category that they are choosing to criminalize. I think Judge Helpe is right. It doesn't necessarily get expanded every time they expand the reach, and as we point out, the substantive statute has been expanded many times, from the original 1978 statute, which criminalized only production of child pornography, to one that, in the 1980s, it was expanded to reach a host of offenses related to advertising child pornography, including advertising to receive, so it had already been broadened before this provision was enacted, and no changes were made to the title, although the statute's substantive reach had been expanded and continues to be expanded, most recently to include live broadcasts, which is one of the reasons this keeps evolving is because of technological change, and live streaming is a more recent development. Let me ask you, going to the Ninth Circuit decision, which I believe Judge Barbadero used in ruling in a manner the defense would like, Judge Barbadero replied in, I believe, the Ninth Circuit also, the rule of lenity. Could you address the rule of lenity, why it doesn't apply here in your position? Well, I think, you know, the rule of lenity, as this Court has said, and the Supreme Court has said, is it applies really only at the very end of the process, if you've exhausted every tool of statutory construction and still are unable to reach a conclusion. It's not merely the fact that there are competing definitions, and that the Court has to do some excavating to find its way to the correct one. It's merely that at the end, if there's left with nothing but grievous ambiguity, and I think this is far from that case, for reasons that are presented in the government's brief, there's been a consistent thread in the dictionary definitions, in legislative history, in the process of legislative development, that all point in the same direction. So this is far from a case of grievous ambiguity. And I would also point out, as we did in our surreply, that the district court in that case was not presented with arguments based on legislative history, which in this case, the government thinks are extremely helpful, including the fact that it had been brought in to include sexual abuse predicates before the state language was added, the legislative findings, and other relevant adjoining... And that's particularly the analysis you have in your surreply, where you go amendment by amendment by amendment. That, the New Hampshire district court did not have that at that time. No, the court points out that it was presented with no information regarding legislative history that was relevant to its analysis. And again, as we also went on a brief surreply, that's the time in which legislative history is most important. When you're facing a And so I think that it's resort to lenity and under those circumstances doesn't call for the same response here. And I think that there is sufficient evidence to form a clear determination what Congress meant and not lenity. I would also add that the Supreme Court has said that where something is in the heartland of the statute's prohibition, and we think these are, lenity is not appropriate. Salmon versus the United States is the case that I found most recently on that point, that that is, there may be cases at the periphery where we're not clear whether a statute falls within the prohibition. But here, I think we feel that the language clearly covers the sexual abuse and distribution of child pornography predicates that this defendant has. And so we aren't in a position where we have to consider the broader reaches of what the statute might reach. Thank you. Your Honor, thank you. I would ask you to affirm. Any other questions, Judge Lynch or Judge Howard? Okay, Ms. DeMaso, you have three minutes for rebuttal. Thank you. I would like to start with the government. The government described what happened in 2006 as an anomaly. I think initially I want to say that it doesn't need to be seen as an anomaly. When the statute is read the way that we would suggest, it can be seen as Congress increasing the number of state predicates that can make people qualify for the 25-year minimum. I also want to say that the government is making a lot of arguments about, well, if this had a certain meaning in 1996, it carried it through to 2006. If in 1996, sexual exploitation of children already meant everything that's encompassed in the list that is now part of the 25-year minimum, there was no reason for Congress to interpret sexual exploitation of children in a certain way. There was no reason for Congress to amend the 25-year minimum. Congress made a choice. And these are not different parts of the statute. They're in the same sentence. And they amended one. They amended in the first place and not in the second. To the extent this Court does feel that there is an anomaly here or some sort of ambiguity, I would argue that it is a grievous ambiguity. And the rule of lenity is appropriate. I think there's also important language in the rule of lenity cases that this Court cannot guess. That when there are two different interpretations, two diverging ways to see things, that the Court cannot make a guess. And the government has argued that their view is clear. We've argued that our view is clear. There's circuit cases on both sides. I know that alone does not make something grievously ambiguous. But I would argue that if this Court does believe there is an ambiguity here, that especially given the stakes and the penalties here, that this particular ambiguity, if this Court finds one, is grievous and does call for the rule of lenity. If there's no further questions, I would rest on my briefs. Okay. Judge Lynch, Judge Howard? Okay. Thank you very much, both counsel, and for your briefs and your arguments. That concludes argument in this case. Counsel is excused.